NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELSON ANTONIO CARRANZA-FLORES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   16-72325

Agency No. A205-645-598

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2024
Phoenix, Arizona

Before:  HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Petitioner Nelson Antonio Carranza-Flores ("Carranza-Flores") petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1] Carranza-Flores claims

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]  Carranza-Flores does not appeal the BIA's denial of his CAT claim.

the BIA and IJ erred in determining the harassment and injuries he sustained were not on account of his political opinion. "[B]ecause a persecutor's actual motive is a matter of fact, we review that finding for substantial evidence." *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021) (alternation, internal quotation marks, and citation omitted). "We review the BIA's legal determinations de novo, including whether the BIA applied the wrong legal standard." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We grant the petition in part and deny in part.

With respect to his claim for asylum, Carranza-Flores had the burden to prove that he feared persecution on account of a protected ground, and that such ground was "at least one central reason" for persecuting the applicant. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). Substantial evidence supports the BIA's conclusion that he did not bear this burden. Although Carranza-Flores participated in a rival political party and informed the FMLN of this during their first encounter, the evidence also indicated the FMLN members were primarily motivated to secure Carranza-Flores's assistance in an illegal vote-buying scheme and were upset with his refusal to cooperate, without regard for his own political views. The BIA found no evidence "they had any interest in his reasons for refusing their requests" and that his political views were not "one central reason" for the harm inflicted. The scant indirect evidence offered by Carranza-Flores, even if it creates the possibility of a mixed motive, does not compel a contrary conclusion. *See Sangha v. INS*, 103 F.3d

2

1482, 1490–91 (9th Cir. 1997); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). We therefore deny the petition with respect to Carranza-Flores's asylum claim.

However, with respect to withholding of removal, the nexus standard is different from asylum, as we clarified in a decision subsequent to the BIA's ruling in this case. For withholding, the applicant must demonstrate a higher probability of persecution, but only that the protected ground is "*a* reason" for the persecution, which is "a less demanding standard than 'one central reason.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Here, the BIA held that because Carranza-Flores failed the asylum standard, he also necessarily failed to qualify for withholding of removal, but this type of "piggy-backing analysis" does not apply when a mixed motives nexus is implicated. *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021). We therefore remand the withholding claim for the BIA to apply the proper standard in the first instance.

**PETITION GRANTED in part, DENIED in part, and REMANDED. Each party shall bear its own costs on appeal.**